UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS-PVC | Date | January 11, 2023 |
| Title | Ruth Ramirez v. C and W Facility Services Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Preliminary Settlement Approval and Class Certification [36]**

Lead Plaintiffs Ruth Ramirez and Jorge Ruiz Quezada ("Plaintiffs") move for preliminary approval of their class action settlement and class certification with Defendant C & W Facility Services, Inc. ("C & W"). (Mtn., Dkt. No. 36.) The motion is unopposed.

For the following reasons, the Court **GRANTS** the parties' motion for class certification and preliminary settlement approval.

## I. BACKGROUND

### A. Allegations

This is a wage and hour class action on behalf of non-exempt employees who worked for C & W Facility Services, Inc. from November 3, 2016 through October 3, 2022. The core issues alleged in this case are C & W's failure to provide legally compliant meal periods and rest breaks, failure to reimburse employees for business expenses, failure to compensate employees for all time worked, and as a result, wage statements failed to provide to employees accurate, final wages in timely manner, and that the conduct violated the California Private Attorneys General Act of 2004 ("PAGA") and California's Unfair Competition Law ("UCL"). (Consolidated Complaint, Dkt. No. 25 ¶¶ 1-3.)

Plaintiff Ruth Ramirez was employed by C & W as a maintenance worker in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:20-cv-11319-JVS-PVC                         Date  January 11, 2023

Title  Ruth Ramirez v. C and W Facility Services Inc. et al

California from September 2019 to June 2020.  (Id. ¶15.)  Plaintiff Jorge Ruiz Quezada is employed by C & W in California as a janitor since April 2020.  (Id. ¶ 16.)  Both Ramirez and Quezada were classified as non-exempt from California's overtime requirements.  (Id. ¶¶ 15-16.)  Plaintiffs allege that C & W utilized a system of time rounding in a manner that cumulatively resulted in a failure to properly compensate Plaintiffs and others similarly situated for all the time they actually worked.  (Id. ¶ 18.)  Further, Plaintiffs allege that C & W failed to provide them with legally complaint meal breaks.  C & W regularly required Plaintiffs to work in excess of five consecutive hours per day without informing Plaintiffs of their right to have, or actually providing, Plaintiffs with legally sufficient 30-minute meal breaks or without compensating Plaintiffs for unprovided meal periods.  (Id. ¶ 19.)  C & W also required Plaintiffs to wait in line to wash their hands during their 30-minute meal break, cutting into their meal period.  (Id.)

Plaintiffs additionally allege C & W failed to authorize and permit Plaintiffs to take timely and duty-free rest periods.  California state law requires employers permit employees working in excess of four consecutive hours a day to have a 10-minute, continuous, and uninterrupted rest period.  (Id. ¶ 20.)  In many cases, C & W required Plaintiffs to work through their 10-minute break periods.  (Id.)

Plaintiffs further allege C & W failed to reimburse them for expenses they incurred in direct discharge of their duties for C & W, namely use of their personal cell phones for work purpose.  (Id. ¶ 21.)

As a result of these alleged failings, C & W failed to timely pay employees within seven calendar days following the close of payroll in accordance with California Labor Code Section 204 on a regular and consistent basis.  (Id. ¶ 25.)  As an additional consequence of these practices, C & W failed to provide Plaintiffs with accurate itemized wage statements as required by Labor Code Section 226.

Furthermore, Plaintiffs allege C & W violated Labor Code Section 225.5, which prohibits employers from issuing a form of payment for services that is not redeemable in cash.  (Id. ¶ 30.)  C & W instituted a compulsory wage payment program for Plaintiffs in which it issued them payroll debit cards in lieu of cash or checks.  (Id. ¶ 34.)  The debit cards automatically charged a $2.00 transaction fee per transaction.  (Id.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS-PVC | Date | January 11, 2023 |
| Title | Ruth Ramirez v. C and W Facility Services Inc. et al | | |

  *B.  Terms of the Proposed Settlement*

    1.  <u>The Proposed Settlement Class</u>

  The proposed settlement defines the class as all non-exempt employees of C & W who worked for C & W in California during the Class Period. (Settlement, Dkt. No. 36-1, Ex. 1 ¶ 4.) The Class Period is defined as November 3, 2016 through October 3, 2022. (<u>Id.</u> ¶ 3.) The Settlement excludes from the Class non-exempt employees who worked at Amazon.com, Inc. locations and non-exempt employees who were unionized. (<u>Id.</u> ¶ 4.) The proposed Class is estimated to include 3,134 individual members who collectively worked 125,704 work weeks. (<u>Id.</u> ¶ 3; Leviant Decl., Dkt. No. 36-1 ¶ 35.) Class Members may opt out of being in the Class. (<u>Id.</u> ¶ 26(b).) The remaining Class Members will comprise the Settlement Class. C & W agreed not to oppose class certification for purposes of settlement. (<u>Id.</u> ¶ 19.)

    2.  <u>Settlement Amount</u>

  The Settlement Agreement states that C & W will pay a maximum of $2,500,000 ("Gross Settlement Amount"), resulting in a gross payment per individual Class Member of approximately $797.70. (Settlement ¶ 26(c).) The Settlement Fund will be used to pay attorneys' fees and costs, all individual Settlement payments made to Class members, employees' share of payroll taxes, the Service Payment to the named Plaintiffs, costs of settlement administration, and the PAGA Allocation. (<u>Id.</u>) $200,000 from the Gross Settlement Amount will be allocated to settle claims brought pursuant to the California Private Attorneys General Act ("PAGA"). $175,000 of this amount will be paid to the California Labor & Workforce Development Agency ("LWDA"). (<u>Id.</u> ¶ 10.)

  After deducting Class Counsels' attorneys' fees and costs, service payments to the named Plaintiffs, estimated administration costs, and payment to the LWDA, the remainder of the Settlement Amount will be available for distribution to Class Members who do not opt out. (<u>Id.</u> ¶ 26(g).) Each Class Member shall receive a share based on the number of workweeks each Class Member worked for C & W in a relevant position during the Class Period. (<u>Id.</u>) The estimated Net Settlement Amount is $1,381,666.67, resulting in an average net payment per Class member of at least $440.86 before tax withholdings and excluding the Class Members' share of PAGA penalties. (<u>Id.</u>)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS-PVC | Date | January 11, 2023 |
| Title | Ruth Ramirez v. C and W Facility Services Inc. et al | | |

### 3. Tax Allocation

One-third of all Settlement Class Payments to Settlement Class Members shall be considered wages and will be subject to the withholding of applicable local, state, and federal taxes.  (Id. ¶ 26(j).)  Two-thirds of all Settlement Class Payments to Settlement Class Members shall be considered non-wages for the settlement of interest claims, liquidated damages, and statutory and civil penalty claims.  (Id.)  The PAGA Settlement Payment shares going to PAGA Employees will be entirely allocated to penalties.  (Id.)  C & W's portion of payroll taxes owed on any settlement payments to Class Members that constitute wages will be paid separately from the Gross Settlement Amount.  (Id. ¶ 26(h).)

### 4. Administrative Expenses, Fees, and Costs

The parties have stipulated to having a third-party administrator, Phoenix Settlement Administrators, manage the notice portion of the Settlement.  The actual costs of administration are estimated to be $16,000.  (Id. ¶ 26(p).)  The Settlement provides a Class Representative Service Payment of up to $7,500 for each named Plaintiff to be paid from the Gross Settlement Amount.  The Settlement further states that C & W will not oppose Class Counsels' application for fees of up to 33 1/3% of the Gross Settlement Amount ($833,333.33), in addition to actual costs not to exceed $30,000.

### 5. Release

The Settlement will release specified wage-and-hour claims for Settlement Class Members, which includes only those Class Members who do not timely opt out of the Settlement.  (Id. ¶¶ 4, 37.)  The Class Members will also release the PAGA Claims in this action regardless of whether they opt out of the class portion of the Settlement.  (Id. ¶¶ 15, 37.)

### 6. Notice

The Administrator will receive the Class List within 14 days of the Preliminary Approval Date, use the NCOA database to update the Class List, and use skip tracing on returned notices.  (Id. ¶ 32(a).)  The Notice to Class Members will be distributed within 28 days of the Preliminary Approval Date.  (Id. ¶ 32(b).)  The Notice will describe how to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:20-cv-11319-JVS-PVC                                Date   January 11, 2023

Title   Ruth Ramirez v. C and W Facility Services Inc. et al

dispute workweeks, submit an objection in writing, in person, or through an attorney, or request exclusion from the Class. (Id. ¶ 26(s).) Any settlement checks that are mailed to Class Members and remain uncashed after 180 days of the date of issuance will be cancelled and shall be transmitted to the California State Controller's Office for Unclaimed Property in the name of the Class Member who failed to cash their check. (Id. ¶ 35.)

       7.     Opt-Out and Objection Process

Any Class Member may object to the Settlement. To object, the Class Member may appear in person at the Final Approval Hearing, have an attorney object on their behalf, or submit a written objection to the Settlement Administrator. Written objections must be submitted by the response deadline. Oral objections may be made at the Final Approval Hearing. (Id. ¶ 26(x).)

The procedure for exclusion requests is the same as the procedure for submitting a written objection. Those Class Members wishing to be excluded from the Class Settlement may submit a request for exclusion in writing to the Administrator. (Id. ¶ 26(w).)

## II. Legal Standard

Federal Rule of Civil Procedure Rule 23(e) states that "[t]he claims . . . of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . or compromised only with the court's approval." "The parties must provide the court with information sufficient to enable it to determine whether to give notice of the propos[ed] [settlement] to the class." Fed. R. Civ. P. 23(e)(1)(A). "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the propos[ed] [settlement] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(i)(ii).

## III. Discussion

      *A.*    *Class Certification*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS-PVC | Date | January 11, 2023 |
| Title | Ruth Ramirez v. C and W Facility Services Inc. et al | | |

The Court must determine whether it is "likely" that it will be able to "certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1). Accordingly, the Court must consider the class certification standards under Rule 23, and based on those standards must "reach a tentative conclusion that it will be able to certify the class in conjunction with final approval of the settlement." Lusk v. Five Guys Enterprises LLC, 2019 WL 7048791, at *5 (E.D. Cal. Dec. 23, 2019) (quoting Newberg on Class Actions § 13:18 (5th ed)).

A motion for class certification involves a two-part analysis. First, the plaintiffs must demonstrate that the proposed class satisfies the requirements of Rule 23(a): (1) the members of the proposed class must be so numerous that joinder of all claims would be impracticable; (2) there must be questions of law and fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of absent class members; and (4) the representative parties must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). The plaintiffs may not rest on mere allegations, but must provide facts to satisfy these requirements. Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1309 (9th Cir. 1977) (citing Gillibeau v. Richmond, 417 F.2d 426, 432 (9th Cir. 1969)).

Second, the plaintiffs must meet the requirements for at least one of the three subsections of Rule 23(b). Under Rule 23(b)(1), a class may be maintained if there is either a risk of prejudice from separate actions establishing incompatible standards of conduct or judgments in individual lawsuits would adversely affect the rights of other members of the class. Under Rule 23(b)(2), a plaintiff may maintain a class where the defendant has acted in a manner applicable to the entire class, making injunctive or declaratory relief appropriate. Finally, under Rule 23(b)(3), a class may be maintained if "questions of law or fact common to class members *predominate* over any questions affecting only individual members," and if "a class action is *superior* to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3) (emphasis added).

The plaintiffs bear the burden of demonstrating that Rule 23 is satisfied. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (2001). The district court must rigorously analyze whether the plaintiffs have met the prerequisites of Rule 23. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011) (quoting Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982)). Rule 23 confers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS-PVC | Date | January 11, 2023 |
| Title | Ruth Ramirez v. C and W Facility Services Inc. et al | | |

"broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings before the court." Armstrong v. Davis, 275 F.3d 849, 872 n.28 (9th Cir. 2001), abrogated on other grounds by Johnson v. California, 543 U.S. 499, 504–05 (2005). The district court need only form a "reasonable judgment" on each certification requirement "[b]ecause the early resolution of the class certification question requires some degree of speculation." Gable v. Land Rover N. Am., Inc., No. SACV 07-0376 AG (RNBx), 2011 U.S. Dist. LEXIS 90774, at *8 (C.D. Cal. July 25, 2011) (internal quotation marks omitted); see also Blackie v. Barrack, 524 F.2d 891, 901 n.17 (9th Cir. 1975). This may require the court to "'probe behind the pleadings before coming to rest on the certification question,'" and the court "'*must* consider the merits' if they overlap with Rule 23(a)'s requirements." Wang v. Chinese Daily News, 709 F.3d 829, 834 (9th Cir. 2013) (quoting Dukes, 564 U.S. at 351; Ellis v. Costco Wholesale Corp., 657 F.3d 970, 983 (9th Cir. 2011)).

  1. Rule 23(a) Prerequisites

    **a.** **Numerosity**

  Rule 23(a)(1) requires that a class be sufficiently numerous such that it would be impracticable to join all members individually. In determining whether a proposed class is sufficiently numerous to sustain a class action, the court must examine the specific facts because the numerosity requirement "imposes no absolute limitations." Gen. Tel. Co. of the Nw. v. EEOC, 446 U.S. 318, 330 (1980). While there is no exact cut-off, courts generally find that the numerosity requirement is satisfied when a class includes at least 40 members. Mild v. PPG Indus., 2019 U.S. Dist. LEXIS 1244352, at *4 (C.D. Cal. Jul. 25, 2019) (citing Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995)). "[A] reasonable estimate of the number of purported class members satisfies the numerosity requirement." In re Badger Mountain Irrigation Dist. Sec. Litig., 143 F.R.D. 693, 696 (W.D. Wash. 1992).

  In this case, the Class is estimated to be comprised of 3,134 individuals. (Leviant Decl. ¶ 35.) This is sufficiently numerous as to render joinder impracticable. See Mild, 2019 U.S. Dist. LEXIS 1244352, at *4 (noting that the numerosity requirement is generally satisfied when a class includes at least 40 members).

    **b.** **Commonality**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS-PVC | Date | January 11, 2023 |
| Title | Ruth Ramirez v. C and W Facility Services Inc. et al | | |

Rule 23(a)(2) requires that questions of law or fact be common to the class. "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). A common question "must be of such a nature that it is capable of classwide resolution—which means that the determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke." Dukes, 564 U.S. at 350. As the Ninth Circuit explained in Wang, 709 F.3d at 834, there must be at least "a single common question" to satisfy the commonality requirement of Rule 23(a)(2)."

In this action, all Class Members' claims depend on answering many of the same issues, including whether C & W (1) C & W provided legally compliant meal periods and rest breaks, (2) C & W paid employees for all time worked, (3) C & W violated itemized wage statement requirements, and (4) C & W's policies and practices violated California's Unfair Competition Laws, PAGA, and the FLSA. That each Class Member's claim requires answering these common questions of law and fact, the Court determines that the commonality prong is met.

  **c.**   **Typicality**

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." To meet the typicality requirement, the plaintiffs must show that: (1) "other members have the same or similar injury"; (2) "the action is based on conduct which is not unique to the named plaintiffs"; and (3) "other class members have been injured by the same course of conduct." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 984 (9th Cir. 2011). "Under the rule's permissive standards, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. Plaintiffs can satisfy their burden through pleadings, affidavits, or other evidence. See Lewis v. First Am. Title Ins. Co., 265 F.R.D. 536, 556 (D. Idaho 2010).

Here, Plaintiffs Ramirez and Quezada attest that they are raising the same claims as the putative class members and have alleged no other individual claims in this matter. (Leviant Decl. ¶ 36; Ramirez Decl. ¶¶ 5-11; Quezada Decl ¶¶ 4-10.) Accordingly, the typicality requirement is satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:20-cv-11319-JVS-PVC  Date  January 11, 2023

Title  Ruth Ramirez v. C and W Facility Services Inc. et al

### d. Fair and Adequate Representation

Rule 23(a)(4) requires that the representative party "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement is grounded in constitutional due process concerns: 'absent class members must be afforded adequate representation before entry of a judgment which binds them.'" Evans v. IAC/Interactive Corp., 244 F.R.D. 568, 577 (C.D. Cal. 2007) (quoting Hanlon, 150 F.3d at 1020). Representation is adequate if (1) the named plaintiffs and their counsel are able to prosecute the action vigorously and (2) the named plaintiffs do not have conflicting interests with the unnamed class members; and (3) the attorney representing the class is qualified and competent. Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978).

Class counsel have substantial class action experience and have previously been appointed class counsel in multiple wage and hour class actions against large employers. (Leviant Decl. ¶¶ 21-26; Melmed Decl. ¶¶ 7-11.) They therefore will likely provide adequate representation for the Class. Furthermore, Plaintiffs attest that there are no conflicts of interest between Plaintiffs and Class Members. (Ramirez Decl. ¶¶5-11; Quezada ¶¶ 4-10.) Plaintiffs have expressed and demonstrated their willingness to represent Class Members. (Id.) Additionally, the similarities of claims asserted and remedies sought by Plaintiffs and Class Members suggest similar interests between Plaintiffs and Class Members. Finally, C & W has not asserted unique defenses against Plaintiffs that it could not assert against other Class Members. The Court therefore finds that Plaintiffs Ramirez and Quezada will fairly and adequately protect the interests of the class.

### 2. Rule 23(b)(3)

"Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Kamm v. Cal. City Dev. Co., 509 F.2d 205, 211 (9th Cir. 1975). A class may be certified under this subdivision where common questions of law and fact predominate over questions affecting individual members, and where a class action is superior to other means to adjudicate the controversy. Fed. R. Civ. Proc. 23(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS-PVC | Date | January 11, 2023 |
| Title | Ruth Ramirez v. C and W Facility Services Inc. et al | | |

    **a.  Predominance**

  "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." <u>Amchem Prods., Inc. v. Windsor</u>, 521 U.S. 591, 623 (1997) (citation omitted). "[I]n deciding whether to certify a settlement-only class, 'a district court need not inquire whether the case, if tried, would present intractable management problems.'" <u>In re Hyundai and Kia Fuel Economy Litigation</u>, 926 F.3d 539, 558 (9th Cir. 2019) (citing <u>Amchem</u>, 521 U.S. at 620). Because there is a heightened risk of collusion during settlement, "the aspects of Rule 23(a) and (b) that are important to certifying a settlement class are 'those designed to protect absentees by blocking unwarranted or overbroad class definitions.'" <u>Id.</u> (citing <u>Amchem</u>, 521 U.S. at 620). "A class that is certifiable for settlement may not be certifiable for litigation if the settlement obviates the need to litigate individualized issues that would make a trial unmanageable." <u>Id.</u>

  As noted above, multiple common issues exist in this case. For example, whether C & W uniformly failed to provide Class Memberswith legally compliant meal periods and rest breaks, failed to provide Class Members with proper wage statements, required or permitted Class Members to work off the clock, or failed to pay all overtime wages to Class Members. Although there will be issues that must be determined for each individual, such as the number of hours or weeks worked, the common questions in this case will likely predominate over individual issues.

    **b.  Superiority**

  Finally, the Court considers whether a class action would be superior to individual suits. <u>Amchem</u>, 521 U.S. at 615. Plaintiff must demonstrate superiority under Rule 23(b0(3) by a preponderance of the evidence. <u>See Zinser</u>, 253 F.3d at 1186. "A class action is the superior method for managing litigation if no realistic alternative exists." <u>Valentino v. Carter-Wallace, Inc.</u>, 97 F.3d 1227, 1234–35 (9th Cir. 1996). This superiority inquiry requires consideration of the following factors: "(a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the likely difficulties in managing a class action." <u>See Zinser v. Accufix Research Institute, Inc.</u>, 253 F.3d 1180,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:20-cv-11319-JVS-PVC                              Date   January 11, 2023

Title   Ruth Ramirez v. C and W Facility Services Inc. et al

1190 (9th Cir. 2001); Fed. R. Civ. P. 23(b)(3)(A)–(D).

These factors favor adjudicating this case as a class action rather than individual suits.  Given the relatively small sums involved for each individual, Class Members likely do not have an interest in individually controlling the prosecution of separate actions.  Further, any individual Class Member who would like to pursue a separate action may opt out of the Settlement.  Additionally, concentrating the litigation of the claims in this forum is desirable because all the alleged actions giving rise to this suit occurred in California.  Finally, the Settlement provides a simple way for Class Members to resolve their claims against C & W, as it does not even require the submission of a claim form.  Accordingly, a class action is superior to individual suits in this case.

      *B.*    *Proposed Settlement*

Under Rule 23(e)(2) if the proposed settlement would bind class members, the Court may approve it only after a hearing and only on finding that it is "fair, reasonable, and adequate."  "Courts reviewing class action settlements must 'ensure[] that unnamed class members are protected from unjust or unfair settlements affecting their rights,' while also accounting for 'the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'"  Campbell v. Facebook, Inc., 951 F.3d 1106, 1121 (9th Cir. 2020) (quoting In re Hyundai & Kia Fuel Econ. Litig., 926 F.3d 539, 556 (9th Cir. 2019) (en banc) (internal quotation marks omitted)).

When evaluating the fairness of a class action settlement, the Court must consider the following factors:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS-PVC | Date | January 11, 2023 |
| Title | Ruth Ramirez v. C and W Facility Services Inc. et al | | |

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Before the revisions to the Federal Rule of Civil Procedure 23(e), the Ninth Circuit had developed its own list of factors to be considered. See, e.g., In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 964 (9th Cir. 2011) (citing Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004)). The revised Rule 23 "directs the parties to present [their] settlement to the court in terms of [this new] shorter list of core concerns[.]" Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes. "The goal of [amended Rule 23(e)] is . . . to focus the [district] court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Id.

A "higher standard of fairness" applies when, like here, parties settle a case before the district court has formally certified a litigation class. See Campbell v. Facebook, Inc., 951 F.3d at 1121 (citing Hanlon, 150 F.3d at 1026). In such cases, "[t]he dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court-designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e)." Id. (quoting Hanlon, 150 F.3d at 1026).

1. Adequacy of Representation by Class Representatives and Class Counsel

Under Rule 23(e)(2)(A), the first factor to be considered is whether the class representatives and class counsel have adequately represented the class. This analysis includes "the nature and amount of discovery" undertaken in the litigation. Fed. R. Civ. P. 23(e)(2)(A), 2018 Advisory Committee Notes. For a court to approve a proposed settlement, "[t]he parties must . . . have engaged in sufficient investigation of the facts to enable the court to intelligently make an appraisal of the settlement." Acosta, 243 F.R.D. at 396 (internal quotation marks omitted).

Here, the parties have conducted sufficient investigation of the facts and law during the prosecution of this case prior to reaching a settlement. (Leviant Decl. ¶ 6.) This investigation included informal written discovery, pre-mediation exchange of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS-PVC | Date | January 11, 2023 |
| Title | Ruth Ramirez v. C and W Facility Services Inc. et al | | |

information and data, and communication between the parties. (Id.) The parties additionally researched the law as applied to the claims of Plaintiffs as well as potential defenses and damages. (Id.) After reviewing documents produced during discovery, Plaintiffs' Counsel evaluated the probability of class certification, success on the merits, and the reasonably obtainable damages for all claims. (Id. ¶ 7.) The Court finds this investigation sufficient to meet Rule 23(e)(1)'s requirement.

### 2. Negotiated at Arm's Length

The second Rule 23(e)(2) factor asks the Court to confirm that the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). As with the preceding factor, this can be "described as [a] 'procedural' concern[], looking to the conduct of the litigation and of the negotiations leading up to the proposed settlement." Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes. "[T]he involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether th[ose] [negotiations] were conducted in a manner that would protect and further the class interests." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes; accord Pederson v. Airport Terminal Servs., 2018 WL 2138457, at *7 (C.D. Cal. Apr. 5, 2018) (the oversight "of an experienced mediator" reflected noncollusive negotiations).

The Court finds that the Settlement has been negotiated at arm's length. The parties engaged in substantial discovery prior to beginning mediation and reached a settlement after a day of arm's length negotiations. However, the identity of the mediator is unclear, as the parties' joint motion states Steve Rottman managed the mediation, while Mr. Leviant's declaration indicates it was Tripper Ortman. (Compare Dkt. No. 36 at 15 with Leviant Decl. ¶ 8.) The Court orders the parties to address this inconsistency in their motion for final settlement approval. Nevertheless, both Ortman and Rottman are experienced mediators and the Court finds that either mediator had the skills and background necessary to be a neutral party and assist the parties in reaching a settlement.

### 3. Adequacy of Relief Provided for the Class

The third factor the Court considers is whether "the relief provided for the class is adequate, taking in to account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:20-cv-11319-JVS-PVC  Date  January 11, 2023

Title  Ruth Ramirez v. C and W Facility Services Inc. et al

method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C). Under this factor, the relief "to class members is a central concern." Fed. R. Civ. P. 23(e)(2)(C), Advisory Committee Notes.

"To evaluate the adequacy of the settlement amount, 'courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer.'" Hefler v. Wells Fargo & Co., 2018 WL 6619983, at *8 (N.D. Cal. Dec. 18, 2018).

### a.  Costs, Risks, and Delay of Trial and Appeal

"A[] central concern [when evaluating a proposed class action settlement] . . . relate[s] to the cost and risk involved in pursuing a litigated outcome." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes. "Proceeding in this litigation in the absence of settlement poses various risks such as . . . having summary judgment granted against Plaintiffs[] or losing at trial. Such considerations have been found to weigh heavily in favor of settlement." Graves v. United Industries Corporation, 2020 WL 953210, at *7 (C.D. Cal. Feb. 24, 2020) (citing Rodriguez v. West Publishing Corp., 563 F.3d 948, 966 (9th Cir. 2009); Curtis-Bauer v. Morgan Stanley & Co., Inc., 2008 WL 4667090, at *4 (N.D. Cal. Oct. 22, 2008)).

Here, the costs, risks, and delay of trial and appeal favor preliminary approval. These risks include the risk that Plaintiffs would be unable to establish liability for allegedly unpaid straight time or overtime wages, the risk C & W's challenged employment policies might not ultimately support class certification or a class-wide liability finding, and the risk that differences in the work experiences of employees assigned to different client locations would make both certification and proof of liability prohibitively unlikely. C & W does not oppose class certification for purposes of the present motion, but continues to deny liability and would oppose class certification should this Court deny the preliminary settlement approval. Accordingly, continued litigation of this lawsuit present both Plaintiffs and C & W substantial legal risks.

However, the Court must consider the maximum potential amount that may be recovered before rendering a final determination as to the reasonableness of the settlement. The Court orders the parties to submit calculations of the total possible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS-PVC | Date | January 11, 2023 |
| Title | Ruth Ramirez v. C and W Facility Services Inc. et al | | |

recovery without adjustment for risk or likelihood of success in the motion for final settlement approval.

In light of the aforementioned risks and the uncertainties of continued litigation, the Court preliminarily finds the settlement amount to be a fair and reasonable recovery for the Settlement Class Members. Plaintiffs' Counsel attest that the settlement amount is a compromise figure, taking into account risks related to liability, damages, and asserted defenses. (Leviant Decl. ¶¶ 13-20; Melmed Decl. ¶¶ 15-18.) The maximum calculated reasonable recovery after removing the most implausible estimated recoveries is $25,883,398.45, including PAGA penalties. When adjusted for risk, the maximum estimated recovery is calculated to be $3,354,098.69, excluding interest. (Leviant Decl. ¶ 18.) Plaintiff's counsel arrived at this figure by applying an approximate percentage likelihood of success for each claim. (Dkt. No. 36 at 18-19; Leviant Decl. ¶¶ 13-20.) The Gross Settlement Amount of $2,500,000 is approximately 75% of the estimated risk-adjusted recovery at this stage in the litigation. The level of difficulty in certifying and proving off-the-clock and meal period claims, compounded by the practice of having employees enter their own times manually, makes the Gross Settlement Amount reasonable under the circumstances.

  **b.**  **Effectiveness of Proposed Method of Relief Distribution**

Next, the Court must consider "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C). "Often it will be important for the court to scrutinize the method of claims processing to ensure that it facilitates filing legitimate claims." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes. "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." Id.

The Settlement states that individual settlement checks will be mailed to the Class Members. (Settlement ¶ 35.) Because all Class Members are current or former employees of C & W, the parties have Members' contact and employment information. Members will therefore not be required to submit a claim form. The Court finds this method of relief distribution to be simple and effective.

  **c.**  **Terms of Proposed Award of Attorneys' Fees**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:20-cv-11319-JVS-PVC                             Date  January 11, 2023

Title         Ruth Ramirez v. C and W Facility Services Inc. et al

      Third, the Court must consider "the terms of any proposed award of attorneys' fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(c). In considering the proposed award of attorney's fees, the Court must scrutinize the Settlement for three factors that tend to show collusion: "(1) when counsel receives a disproportionate distribution of the settlement; (2) when the parties negotiate a "clear sailing arrangement," under which the defendant agrees not to challenge a request for an agreed-upon attorney's fee; and (3) when the agreement contains a "kicker" or "reverter" clause that returns unawarded fees to the defendant, rather than the class." Briseno v. ConAgra Foods, Inc., 998 F.3d 1014, 1023 (9th Cir. 2021) (internal quotation marks omitted) (citing In re Bluetooth Headset Products Liability Litigation, 654 F.3d 935, 947 (9th Cir. 2011)). The Court must consider whether these factors exist in both pre- and post-class certification settlements. Id. at 1024.

      The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." Hanlon, 150 F.3d at 1029. That benchmark is not rigid, and leaves room for the consideration of the circumstances of the case, including the results achieved, the risk of the litigation, the skill required, and the contingent nature of the fee. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047–50 (9th Cir. 2002). Courts in this district typically adhere to this benchmark in cases in which there is little active litigation pre-settlement. See, e.g., Ramirez v. Rite Aid Corp., 2022 U.S. Dist. LEXIS 109069, at *23 (C.D. Cal. May 3, 2022) (25% "is a benchmark that this Court . . . almost always adheres to in cases where there is little active litigation pre-settlement"). The Court may exercise discretion to award attorneys' fees in a class action settlement by applying either the lodestar method or the percentage-of-the-fund method. Fischel v. Equitable Life Assurance Soc'y of U.S., 307 F.3d 997, 1006 (9th Cir. 2002).

      The Settlement states that Plaintiffs' Counsel will seek no more than 33.3% of the Gross Settlement Amount ($833,333.33). (Leviant Decl. ¶ 11; Melmed Decl. ¶ 23.) The Court notes that Plaintiffs' requested attorneys' fee amount is higher than the Ninth Circuit benchmark of 25%, but will defer deciding the reasonableness of attorneys' fees in this case until Plaintiffs' Counsel submit a formal motion, including a lodestar analysis. The Settlement also provides for service payments to the named plaintiffs of $7,500 each and actual costs incurred and paid without reimbursement in the litigation of this case, not to exceed $30,000. The Court similarly reserves determination of the reasonableness of these amounts until it considers the final settlement. Accordingly, the Court orders the parties to submit information regarding the number of hours each named

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS-PVC | Date | January 11, 2023 |
| Title | Ruth Ramirez v. C and W Facility Services Inc. et al | | |

plaintiff dedicated to working on this case and the breakdown of actual costs incurred in the motion for final settlement approval.

### 4. Equitable Treatment of Class Members

The final Rule 23(e)(2) factor turns on whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2)(D), 2018 Advisory Committee Notes.

Here, there is no indication that class members would be treated differently or inequitably compared to one another. Accordingly, the Court finds that this factor weighs in favor of granting preliminary approval.

### 5. Conclusion as to the Fairness of the Proposed Settlement

Each of the above factors weighs in favor of approval and Plaintiffs provided sufficient information for the Court to evaluate the reasonableness of the Settlement Agreement at this stage. Accordingly, the Court finds that the proposed settlement is fair for purposes of preliminary settlement approval.

*C.    The Proposed Settlement Meets the Notice Requirements Under Fed. R. Civ. P. 23(c)(2)(B).*

Under Rule 23(c)(2)(B), "for any class certified under Rule 23(b)(3)—or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c)(2)(B) further states that the notice may be made by one of the following: United States mail, electronic means, or another type of appropriate means. Id. "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS-PVC | Date | January 11, 2023 |
| Title | Ruth Ramirez v. C and W Facility Services Inc. et al | | |

desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Id.

Here, the parties have agreed to provide notice through first class mail to class members. C & W has a record of each Class Member's last known address. If any notices are returned with a forwarding address, the Settlement Administrator will re-mail the notice to the current address. Furthermore, the class notices drafted by the parties include all relevant information required by Rule 23(c)(2)(B). (Leviant Decl., Ex. A.) The Court finds that the proposed notice is sufficient under Rule 23(c)(2)(B).

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' motion for class certification and preliminary settlement approval. The final approval hearing is hereby set for June 5, 2023 at 1:30 p.m.

The Court finds that no hearing is necessary on this matter. Fed R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**