UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motions for Final Approval of Class Action Settlement and Attorney's Fees [40, 41]**

Lead Plaintiffs Ruth Ramirez and Jorge Ruiz Quezada (collectively, "Plaintiffs") move for final class certification and approval of a class action settlement ("Agreement" or "Settlement") reached with Defendant C & W Facility Services, Inc. ("C & W"), (Motion for Final Approval ("Mot.") Dkt. No. 41.), and attorney's fees, (Motion for Attorneys' Fees ("Atty Fee Motion") Dkt. No. 40.). C & W filed a notice of non-opposition to only the motion for final approval, but it has not otherwise objected to the fee motion. (Dkt. No. 42.)

For the following reasons, the Court:

- **CONTINUES** the June 5, 2023 hearing on the motion for final approval to July 31, 2023. The parties are hereby ORDERED to reissue Notice of Settlement in accordance with this Order. Plaintiffs are also ordered to submit supplemental briefing addressing certain deficiencies identified by the Court herein.
- **DENIES** in part and **GRANTS** in part the motion for attorneys' fees and costs. The Court vacates the June 5, 2023 hearing on the motion for attorney's fees and costs because oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    2:20-cv-11319-JVS(PVCx)        Date    May 31, 2023

Title        Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al.

### I. BACKGROUND

The facts in this action are familiar to the parties and this Court. (See generally Prelim. Approval Order, Dkt. No. 39.)

       *A.*       *Factual and Procedural Background*

Plaintiffs are non-exempt employees who sued C & W in a class action for failures to pay minimum, straight time wages, and overtime wages; to provide meal periods; to allow rest periods; to maintain accurate records of hours and meal periods; to pay wages to terminated employees; and to furnish accurate wage statements. (Consolidated Complaint ("Consolidated Compl."), Dkt. No. 25.)

Plaintiffs originally filed putative class actions separately and in separate courts, but the matters were transferred to this Court and consolidated on June 2, 2021. (See Dkt. No. 23.) They consolidated their complaints on June 16, 2021, incorporating their claims under the California Labor Code, California Business and Professions Code, and adding a cause of action for Civil Penalties Under Private Attorneys General Act, Cal. Lab. Code § 2699, et seq. (Consolidated Compl. (listing ten causes of action).)

On May 11, 2022, the parties participated in a day-long mediation and signed a settlement agreement (the "Settlement" or "Agreement"), the terms of which are recited below. (Declaration of H. Scott Leviant ("Leviant Decl."), Dkt. No. 36-1.)

       *B.*       *Summary of Settlement*

            1.       The Settlement Class

The settlement class ("Class" or "Settlement Class") comprises of all non-exempt employees who worked at C & W in California during the Class Period, which is defined as November 3, 2016, through October 3, 2022. (Leviant Decl., Ex. 1 ("Settlement") ¶¶ 3–4, Dkt. No. 36-1.) Excluded from the Class are non-exempt employees who worked at Amazon.com, Inc. ("Amazon") locations and non-exempt employees who were unionized. (Id. ¶ 4.).

There are 1,574 members of the Class ("Class Members"). (Declaration of Taylor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

Mitzner ("Mitzner Decl.") ¶ 11, Dkt. No. 41-1.) There are 128,529 work weeks worked by the Class Members. (Mot. 3, Dkt. 41.) There are a total of 870 Class Members who worked during the California Private Attorneys General Act ("PAGA") period. (Id.) There are 99,952 pay periods worked by PAGA employees during the PAGA pay period. (Id.)

        2.     The Settlement Amount

The Settlement Agreement states that the gross settlement amount ("Gross Settlement Amount") is $2,500,00, resulting in an average gross payment per Class Member of $1,588.31. (Settlement ¶ 26(c).)

The net settlement amount ("Net Settlement Amount") is calculated by deducting certain categories of costs. (Id. ¶ 26(g).) A portion ($200,000) of the Gross Settlement Amount is to be allocated to settle claims brought pursuant to the PAGA (the "PAGA Amount"), of which $150,000 is to be paid to the California Labor & Workforce Development Agency ("LWDA"), and $50,000 for PAGA employees. (Id. ¶ 10.) After deducting Class Counsels' requested attorneys' fees and costs, service payments to the named Plaintiffs, estimated administration costs, and payment to the LWDA, the remainder of the Settlement Amount is to be distributed to Class Members who do not opt out. (Id. ¶ 26(g).) Each Class Member shall receive a share based on the number of workweeks the Class Member worked for C & W in a relevant position during the Class Period. (Id.)

Based on the instant motion, the estimated Net Settlement Amount is $1,405,666.67, with an average net payment per Class Member of at least $901.74. (Mot. 4.) The Net Settlement Amount was determined by deducting requested Class Counsel attorney's fees ($833,333.33) and costs ($30,000), requested Enhancement Payments to the lead plaintiffs ($15,000), the PAGA Amount ($200,000), and Settlement Administration Costs ($16,000). (Mitzner Decl. ¶ 12.) The 1,574 Class Members have worked a collective total of 128,529 workweeks of the Class Period, which brings the value of each workweek at approximately $10.94. (Id. ¶ 11.) The highest individual settlement share ("Individual Settlement Share") is approximately $3,390.34; the lowest is approximately $109.4; and the average is approximately $893.05. (Id. ¶ 13.) The highest individual PAGA payment ("Individual PAGA Payment") is approximately $155.07, and the average is approximately $57.47. (Id. ¶ 14.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

   3.  <u>Tax Allocation</u>

  One-third of all Settlement Class Payments to Settlement Class Members shall be considered wages and will be subject to the withholding of applicable local, state, and federal taxes.  (Settlement ¶ 26(j).)  Two-thirds of all Settlement Class Payments to Settlement Class Members shall be considered non-wages for the settlement of interest claims, liquidated damages, and statutory and civil penalty claims.  (<u>Id.</u>)  The PAGA Settlement Payment shares going to PAGA Employees will be entirely allocated to penalties.  (<u>Id.</u>)  C & W's portion of payroll taxes owed on any settlement payments to Class Members that constitute wages will be paid separately from the Gross Settlement Amount.  (<u>Id.</u> ¶26(h).)

   4.  <u>Attorneys' Fees and Costs</u>

  The Settlement provides that C & W "will not object" to Plaintiffs' counsel's request for attorney's fees "not to exceed" 33.33% of the Gross Settlement Amount and costs not to exceed $30,0000.  (<u>Id.</u> ¶¶ 26(m), 31.)  It further provides that if "a lesser amount(s) of attorney's fees and/or attorneys' costs" is approved by the Court, "the difference between the lesser amount(s) and the maximum amount set forth above shall be added to the Net Settlement Amount."  (<u>Id.</u> ¶¶ 26(m), 31.)

  Accordingly, Moon & Yang, APC, and Melmed Law Group P.C. ("Class Counsel") requests reasonable attorney's fees "not to exceed" 33.33% ($833,333.33) of the Total Settlement Amount and actual costs "not to exceed" $30,000.  (Motion for Attorney's Fees ("Atty Fee Mot.") 5, Dkt. No. 40.)

   5.  <u>Administrative Expenses</u>

  The parties agreed to use a third-party administrator, Phoenix Settlement Administrators ("Administrator"), to manage notice.  (Settlement ¶ 26(p); Mitzner Decl. ¶ 2.)  The final costs of administration, including future work, is $16,000.  (Mitnzer ¶ 16; <u>id.</u>, Ex. B.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

      6.      <u>Service Payments</u>

      The Settlement provides a Class Representative Service Payment of up to $7,500 for each named Plaintiff to be paid from the Gross Settlement Amount.  (Settlement ¶ 26(g), (n).)  Accordingly, Plaintiffs Ruth Ramirez and Jorge Quezada request a total service award of $15,000.

      7.      <u>Releases</u>

      The Settlement will release specified wage-and-hour claims for Settlement Class Members, which includes only those Class Members who do not timely opt out of the Settlement.  (<u>Id.</u> ¶¶ 4, 37.)  The Class Members will also release the PAGA Claims in this action regardless of whether they opt out of the class portion of the Settlement.  (<u>Id.</u> ¶¶ 15, 37.)

      8.      <u>Notice, Opt-Out, and Objection Process</u>

      The Settlement provides that the Administrator is to receive the Class List within fourteen days of the Court's preliminary approval, use the National Change of Address database to update the list, and use skip tracing on returned notices.  (<u>Id.</u> ¶ 32(a).)  Notice was to be distributed within 28 days of the Preliminary Approval Date.  (<u>Id.</u> ¶ 32(b).)  For each Class Member, the notice of settlement would be issued in both English and Spanish, contain each member's covered workweeks and estimated total settlement payment, describe how to submit disputes regarding the information within the appropriate deadline, explain how to object to the settlement at the hearing or submit a written objection, and advise how members could seek exclusion from the Class.  (<u>Id.</u> ¶ 26(s).)  Class Members will be instructed to deposit their settlement checks within 180 days of issuance.  (<u>Id.</u> ¶ 35.)  Otherwise, the uncashed sum would be transmitted to the California State Controller's Office for Unclaimed Property under the Class Member's name.  (<u>Id.</u>)

      Any Class Member may object to the Settlement.  To object, the Class Member was to appear in person at the Final Approval Hearing, have an attorney object on their behalf, or submit a written objection to the Settlement Administrator.  Written objections are to be submitted by the response deadline. Oral objections may be made at the Final Approval Hearing.  (<u>Id.</u> ¶ 26(x).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

The procedure for exclusion requests is the same as the procedure for submitting a written objection. Those Class Members wishing to be excluded from the Class Settlement may submit a request for exclusion in writing to the Administrator. (Id. ¶ 26(w).)

    C.    *Preliminary Approval*

The Court previously granted Plaintiffs' motion for preliminary class certification for and approval the parties' settlement agreement on January 11, 2023. (Dkt. No. 39.) It deferred the issue of attorney's fees and service payments, and requested specific information to evaluate the reasonableness of the Settlement. (Id.)

Plaintiffs now seek a Final Approval Order, certifying the Class and Settlement, appointing Plaintiffs as representatives, appointing Class Counsel, approving the settlement administrator, authorizing distributions, and entering judgment. (Mot. 2.)

    D.    *Notice and Objections*

After the Court preliminarily approved the Settlement, the Settlement Administrator compiled data from Defense Counsel about each Class Member and conducted a national change of address to update the list of addresses. (Mitzner Decl. ¶¶ 3–4.)

On March 2, 2023, notice was sent via U.S. first class mail in English and Spanish to all 1,574 Class Members ("Notice"). (Id. ¶ 5; id., Ex. A.) One hundred and nine (109) Notices were returned to the Administrator without a forwarding address. (Id. ¶ 6.) The Administrator attempted to locate current addresses for these returned Notices, but only ninety-three (93) were obtained. (Id.) Notice was re-mailed to these ninety-three (93) Class Members via first class mail. (Id.)

To date, sixteen (16) Notices remain undeliverable. (Id.) No requests for exclusion have been received. (Id. ¶ 8.) No objections have been made. (Id. ¶ 9.) No workweek disputes were made. (Id. ¶ 10.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

## II. Legal Standard

Federal Rule of Civil Procedure Rule 23(e) requires court approval for class-action settlements. Fed. R. Civ. P. 23(e). A final class settlement will be approved only if the parties show (1) that reasonable notice was given to all class members who would be bound by the settlement, (2) that members were provided the opportunity to object to the settlement, and (3) that the settlement is fair, reasonable, and adequate. Id.

## III. Discussion

The Final Settlement differs very little from the Preliminary Settlement the Court previously approved. (See Prelim. Approval Order, Dkt. No. 39.) Accordingly, much of the Court's analysis follows the Preliminary Settlement Approval.

### A. Class Certification for Purposes of Final Approval of Settlement

The Court preliminarily certified the Class on January 11, 2023, and nothing has since changed to warrant a deviation from this ruling. (Prelim. Approval Order 11.) Accordingly, the Court certifies the Rule 23 Settlement Class for final approval of the Settlement.

### B. Fair, Reasonable, and Adequate Settlement

Courts must "'ensure[] that unnamed class members are protected from unjust or unfair settlements affecting their rights,' while also accounting for 'the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" Campbell v. Facebook, Inc., 951 F.3d 1106, 1121 (9th Cir. 2020) (quoting In re Hyundai & Kia Fuel Econ. Litig., 926 F.3d 539, 556 (9th Cir. 2019) (en banc)).

For a settlement to be "fair, reasonable, and adequate," the class representatives and class counsel must "have adequately represented the class," the proposal was negotiated at "arm's length," "the relief provided for the class is adequate," and the settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(A)–(D); In re Apple Inc. Device Performance Litig., 50 F.4th 769, 780 (9th Cir. 2022). Courts within the Ninth Circuit also balance other factors when holistically assessing the fairness of the settlement. See McKinney-Drobnis v. Oreshack, 16 F.4th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
|---|---|---|---|
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

594, 609 n.4 (9th Cir. 2021); Kim v. Allison, 8 F.4th 1170, 1178 (9th Cir. 2021); In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 964 (9th Cir. 2011); Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004).

Settlements reached prior to class certification are subject to a "higher," more "exacting review" and "high procedural standard." Kim, 8 F.4th at 1178; In re Bluetooth, 654 F.3d at 946–47; Roes v. SFBSC Mgmt., LLC, 944 F.3d 1035, 1048–49 (9th Cir. 2019). In such cases, "[t]he dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court-designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e)." Campbell, 951 F.3d at 1121 (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)).

Previously, the Court contingently found that the Settlement is fair, reasonable, and adequate—subject to further showing. (Prelim. Approval Order 12–17.)

1.  Adequacy of Representation by Class Representatives and Class Counsel

Under Rule 23(e)(2)(A), the first factor to be considered is whether the class representatives and class counsel have adequately represented the class. This analysis includes "the nature and amount of discovery" undertaken in the litigation. Fed. R. Civ. P. 23(e)(2)(A), 2018 Advisory Committee Notes. For a court to approve a proposed settlement, "[t]he parties must . . . have engaged in sufficient investigation of the facts to enable the court to intelligently make an appraisal of the settlement." Acosta, 243 F.R.D. at 396 (internal quotation marks omitted).

The Court previously found that this factor weighs in favor of approval, (Prelim. Approval Order 12–13), and nothing has since changed to warrant a different conclusion.

2.  Negotiated at Arm's Length

The second Rule 23(e)(2) factor asks the Court to confirm that the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). "[T]he involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether th[ose] [negotiations] were conducted in a manner that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
|---|---|---|---|
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

would protect and further the class interests." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes; accord Pederson v. Airport Terminal Servs., No. 15-2400, 2018 WL 2138457, at *7 (C.D. Cal. Apr. 5, 2018) (the oversight "of an experienced mediator" reflected noncollusive negotiations).

The Court previously ordered the parties to address in the instant motion a factual inconsistency regarding the identity of the mediator.  (Prelim. Approval Order 13.)  Previously, the parties identified Mr. Steve Rottman as the mediator, while Mr. Leviant's declaration stated it was Tripper Ortman.

Yet Plaintiffs failed to do so, again asserting the same contradiction in their briefing.  (Compare Mot. 16, with id. at 8, and Leviant Decl. ¶ 8.)  While the Court renews its conclusion that both mediators are experienced and neutral, the Court declines to issue final approval of the Settlement until the parties correct the record.

### 3. Adequacy of Relief Provided to the Class

Relief provided for the class must be "adequate," taking into account:

> (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C).  Under this factor, the relief "to class members is a central concern."  Fed. R. Civ. P. 23(e)(2)(C), Advisory Committee Notes.

"To evaluate the adequacy of the settlement amount, 'courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer.'"  Hefler v. Wells Fargo & Co., No. 16-5479, 2018 WL 6619983, at *8 (N.D. Cal. Dec. 18, 2018).

Only factors 1 (costs, risks, and delay) and 3 (terms of proposed award of attorney's fees) are relevant to the Court's analysis for final approval here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

### a. Costs, Risks, and Delay of Trial and Appeal

The Court previously ordered the parties to submit calculations of the total possible recovery "<u>without</u> adjustment" for risk or likelihood of success because the Court could not assess the reasonableness of the Settlement without considering the "maximum potential" recovery amount. (Prelim. Approval Order 14 (emphasis added).)

Plaintiffs have failed to do so. They again recite the same risk-adjusted calculations as contained in their motion for preliminary approval. (<u>Compare</u> Prelim App. Mot. 10–12, Dkt. No. 36, <u>with</u> Mot. 19–21.) Plaintiffs are once again ordered to provide a calculation for the maximum potential for recovery <u>without</u> any adjustments.

### b. Terms of Proposed Attorneys' Fees

The Court must consider "the terms of any proposed award of attorneys' fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(c). Attorney's fees provisions in class action settlements must be fair, adequate, and reasonable. <u>Staton</u>, 327 F.3d at 963; Fed. R. Civ. P. 23(e). The Court must scrutinize the Settlement for three factors that tend to show collusion: "(1) when counsel receives a disproportionate distribution of the settlement; (2) when the parties negotiate a "clear sailing arrangement," under which the defendant agrees not to challenge a request for an agreed-upon attorney's fee; and (3) when the agreement contains a "kicker" or "reverter" clause that returns unawarded fees to the defendant, rather than the class."  <u>Briseno v. ConAgra Foods, Inc.</u>, 998 F.3d 1014, 1022 (9th Cir. 2021) (internal quotation marks omitted) (citing <u>In re Bluetooth</u>, 654 F.3d at 947).

Here, C & W has agreed to not object to Plaintiffs' attorney fee motion, and indeed, it has not filed an opposition. (Settlement ¶ 31.) And the proportion of the fee award is 8% higher (33%) than the 25% benchmark. (<u>Id.</u>) But the Settlement explicitly disclaims reversion of unawarded funds. (<u>Id.</u> ¶ 26(e).) Any unawarded attorney's fees will be added back to the Net Settlement Amount. (<u>Id.</u> ¶ 31.) The Court is persuaded that the terms of the attorney's fees provision are not inherently suspect because unawarded fees revert to Class Members, not to counsel. (Settlement ¶ 31.) Thus, the terms do not suggest there is collusion between class counsel and the defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:20-cv-11319-JVS(PVCx)   Date  May 31, 2023

Title  Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al.

    4.    <u>Equitable Treatment of Class Members</u>

Finally, the proposed settlement must treat class members "equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2)(D), 2018 Advisory Committee Notes.

The Court previously found that there is no indication that class members would be treated differently or inequitably compared to one another, (Prelim. Approval Order 17), and nothing has since changed to change this conclusion.

    5.    <u>Conclusion as to Fairness of Proposed Settlement</u>

The Court is unable to perform a final assessment of the Settlement's fairness because Plaintiffs have not provided calculations of total possible recovery <u>without</u> any adjustments and have not corrected a factual inconsistency that they were ordered to correct. Accordingly, the Motion is denied until such deficiencies are cured.

    C.    *Notice Requirement*

Class actions brought under Rule 23(b)(3) must satisfy the notice provisions of Rule 23(c)(2) and, upon class settlement, the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). It is "critical" that adequate notice be provided to class members before a court may finalize the settlement. <u>In re Hyundai & Kia Fuel Econ. Litig.</u>, 926 F.3d at 567.

Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c)(2)(B) further states that the notice may be made by one of the following: United States mail, electronic means, or another type of appropriate means. <u>Id.</u> The notice must

> clearly and concisely state in plain, easily understood language:
> (i) the nature of the action; (ii) the definition of the class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

        certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Id.

        "To satisfy Rule 23(e)(1), settlement notices must 'present information about a proposed settlement neutrally, simply, and understandably.'" In re Hyundai & Kia Fuel Econ. Litig., 926 F.3d at 567 (quoting Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 962 (9th Cir. 2009)).  It should describe the terms of settlement "in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Id. (internal quotations omitted).  But it need not provide an "exact forecast" or "step-by-step formula" on how each individual settlement amount is calculated.  Id. at 567–68.

        The Court previously approved of the parties' proposed notice procedures. (Prelim. Approval Order 18.)  The Administrator was to receive each Class Member's last known address from C & W within fourteen days of the Court's January 11, 2023 Order of preliminary approval.  (Settlement ¶ 32(a).)  Within fourteen days of receiving the information, Notice was to be mailed via first class mail.  (Id. ¶ 32(b).)  While the Administrator did not receive the information from C & W's counsel until February 22, 2023, (Mitzner Decl. ¶ 3), the Court does not find this month-long delay prejudicial. Within a day of receiving the information, the Administrator conducted a National Change of Address to update addresses, and on March 2, 2023, Notice was mailed via first class mail in English and Spanish to all Class Members.  (Id. ¶¶ 4–5.)  One hundred and nine (109) Notices were returned without a forwarding address, and a skip trace was performed to locate current addresses.  (Id. ¶ 6.)  Only sixteen (16) were unidentifiable, and these sixteen remain undeliverable.  (Id. ¶¶ 6–7.)  As for the rest, the Administrator did not receive any requests for exclusion, notices of objection, or workweek disputes. (Id. ¶¶ 8–10.)  Based on the foregoing, the Court finds that the method in which Notice was furnished satisfactory.

        However, there is an issue with the content of the Notice.  The Notice was not updated to accurately reflect the hearing information for final approval.  In numerous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

passages, the Notice incorrectly informed Class Members that the hearing "concerning final approval of the proposed Settlement will be held before Hon. Christina A. Snyder on June 5, 2023, at 1:30 p.m., in Courtroom 8D of the United States Courthouse, 350 W. First Street, 8th Floor, Los Angeles, CA 90012." (Mitzner Decl., Ex. A, at 1, 6.) If Class Members desired to object to the Settlement, they were instructed to appear at Judge Snyder's courtroom. (Id. at 5.) This information was incorrect. Given the "high procedural standard" that applies to settlements such as this, Kim, 8 F.4th at 1178, the Court must ensure that Class Members are adequately informed of their right to object to settlement. This includes being furnished with accurate information about where to appear and how to object.

Based on the foregoing, the parties are ordered to reissue the Notice with the appropriate corrections. Plaintiffs are also hereby ordered to submit supplemental briefing to clarify the identity of the mediator, submit calculations of the maximum recovery amount without any adjustments, and confirm that Notice was reissued to Class Members with corrected information.

D.  *Attorneys' Fees and Costs*

1.  Attorneys' Fees

The Court previously deferred the issue of attorneys' fees. (Prelim. Approval Order 16.) Class Counsel seeks "no more than" $833,333.33 (33.3% of the Gross Settlement Amount) in reasonable attorneys' fees. (Atty Fee Mot., Dkt. No. 40.) The Court previously noted that this is higher than the Ninth Circuit's benchmark of 25% and ordered counsel to submit a lodestar analysis. (Prelim. Approval Order 16.)

The "reasonableness" of the fee award must be considered "against the backdrop of the 'American Rule,'" which generally provides that parties routinely bear their own costs unless the plaintiffs' efforts have "created a common fund for recovery or extended a substantial benefit to a class." In re Bluetooth, 654 F.3d at 941 (quoting Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 275 (1975) (Brennan, J., dissenting)). To determine the reasonableness of a fee award in "common fund" class actions cases where the defendants provide monetary compensation to the plaintiffs, "courts have discretion to employ either the lodestar method or the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

percentage-of-recovery method." In re Hyundai and Kia Fuel Economy Lit., 926 F.3d at 570 (quoting In re Bluetooth, 654 F.3d at 942).

### a.      Percentage of Recovery

Under the percentage method, a court "simply awards the attorneys a percentage of the fund sufficient to provide class counsel with a reasonable fee." Hanlon, 150 F.3d at 1029. The Ninth Circuit "has established 25% of the common fund as a benchmark award for attorney fees." Id. A "mechanical or formulaic application" of the percentage method is inappropriate "where it yields an unreasonable result." In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 109 F.3d 602, 607 (9th Cir. 1997). The 25% benchmark should be adjusted or replaced with a lodestar calculation when "special circumstances" justify a departure. Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990). Courts consider the following factors in determining whether the requested adjustment is reasonable: "(1) the results achieved; (2) the risk of litigation; (3) the skill required; (4) the quality of work performed; (5) the contingent nature of the fee and the financial burden; and (6) the awards made in similar cases." Barbosa v. Cargill Meat Sols. Corp., 297 F.R.D. 431, 449 (E.D. Cal. 2013) (citing In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 109 F.3d 602, 607 (9th Cir. 1997)). But in employment and other injunctive relief class actions, courts "often use a lodestar calculation." Hanlon, 150 F.3d at 1029.

Here, Class Counsel justifies its 33% fee request on the grounds that the "standard fee awarded in class actions has, over time, resolved itself as one-third of the recovery in common fund cases." (Atty Fee Mot. 12.) First, counsel argues that by comparison to "relatively smaller funds of less than $10 million," there are cases in which courts have awarded higher percentages of 30–50% of the fund. See Van Vranken v. Atl. Richfield Co., 901 F. Supp. 294, 297 (N.D. Cal. 1995) (acknowledging higher awards in bigger funds but declining to award more than 25%). Second, counsel argues that the 33% fee request was disclosed to Class Members, so it is reasonable. (See Mot. 13.) Third, counsel argues that factors, such as results achieved, counsel's experience and effort, risks, and others, weigh in favor of a higher fee award. (See id. at 8–11.)

The Court is unpersuaded that an upward departure from the benchmark is justified. The legal issues and skills involved in this case are not particularly complex

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
|---|---|---|---|
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

and do not involve any special consideration. As Class Counsel admits, the complexity of legal issues is "moderate." (Leviant Decl. ¶ 31.) While the Court agrees that the results achieved are generally favorable to the Class, the other factors do not justify a higher fee award. The case was taken on a contingency basis, (Melmed Decl. ¶ 22, Dkt. No. 36-2), Plaintiffs continue to make factual errors in the briefings, and the briefings suggest that counsel has simply repeated its prior motion without considering the Court's preliminary approval order. So, Court is not persuaded that the "quality of work" performed in this case warrants a higher attorneys' fee award. Thus, the Court finds that a fee award higher than the 25% benchmark is not appropriate in this case. In light of the foregoing concerns, the Court looks to the lodestar analysis to determine whether a 25% benchmark fee award is reasonable or a lesser award is justified.

### b.     Lodestar Analysis

The Ninth Circuit encourages courts to use the lodestar method as a "cross-check" on the reasonableness of a fee award determined with the percentage method. See Vizcaino, 290 F.3d at 1050; Petroleum Prods., 109 F.3d at 607 ("It is reasonable for the district court to compare the lodestar fee, or sum of lodestar fees, to the 25% benchmark, as one measure of the reasonableness of the attorneys' hours and rates.").

Here, a comparison between the lodestar and the 25% benchmark shows a large difference. A 25% fee award of the Gross Settlement Amount ($2,500,000) is equivalent to $625,000, whereas the lodestar as calculated by counsel is only $210,450.10. (Atty Fee Mot. 14; Leviant Decl. ¶ 13, Dkt. No. 40-1; Declaration of Jonathan Melmed ("Melmed Decl.") ¶ 15, Dkt. No. 40-2.) The lodestar as requested by Class Counsel represents 8.4% of the Gross Settlement Amount.

To calculate the "lodestar," the court must multiply the number of hours the attorneys reasonably spent on the litigation by the reasonable hourly rate in the community for similar work. McElwaine v. U.S. West, Inc., 176 F.3d 1167, 1173 (9th Cir. 1999).

Here, the Court agrees that the hourly rates set forth by Class Counsel are reasonable in light of their years of experience in a variety of wage and hour class actions in California. (See Leviant Decl. ¶ 30 (describing dozens of wage and hour class action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

cases in the past five years); Melmed Decl. ¶ 11 (describing class counsel experience in over fifty cases).)

The Court also agrees that the hours were reasonably incurred. So far, Melmed Law Group has expended a total of $43,566.10 (75.5 hours), and Moon & Yang, APC has expended a total of $158,934 (251.6 hours). (Leviant Decl. ¶ 13; Melmed Decl. ¶ 15.) This case has been ongoing since 2020. (See Dkt. No. 1.) Counsel has spent these hours on conducting investigations and interviews with clients and witnesses, preparing pleadings, conducting legal researching, drafting and reviewing discovery, meeting and conferring with defendant's counsel, evaluating data and documents to determine damages, attending mediation, drafting settlement, and preparing the necessary settlement approval briefings. (Leviant Decl. ¶ 30.) Such work aligns with what is expected of litigating a class action case. Of course, both firms anticipate spending more time on this matter to resolve the remainder of the settlement administration process. Moon & Yang, APC estimate spending an additional $3,975 (5 hours), and while Melmed Law Group has not identified specific hours it will need to complete the case, the Court expects the estimate to be similar.

Because of the additional work that remains to be seen, the Court agrees that an additional 10 hours totaling $7,640 ($3,975 of Moon & Yang, APC and $3,665 of Melmed Yang, APC) is appropriate to encompass the total number of hours incurred in this matter.[1] In total, the Court finds that a lodestar of $218,090.10 is reasonable ($210,450.10 actually incurred + $7,640 in anticipated hours).

The court may raise or lower the lodestar based on several factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount

---

[1] The Court will not include additional hours caused by counsel's failure to address the issues flagged in the preliminary approval for supplementation. Such curative hours are not reasonable. Moreover, the Court will deduct any additional costs for notice from the final fee award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Fischel v. Equitable Life Assurance Soc'y, 307 F.3d 997, 1007 n.7 (9th Cir. 2002). The court must be cautious, however, not to adjust the lodestar figure based on any of the foregoing factors that are subsumed in the original lodestar calculation. Morales v. City of San Rafael, 96 F.3d 359, 364 & n.9 (9th Cir. 1996). The Ninth Circuit has noted that multipliers range from 1.0 to 4.0 and a "bare majority" fall within the range of 1.5 to 3.0. Vizcaino, 290 F.3d at 1051 n.6; Van Vranken v. Atl. Richfield Co., 901 F. Supp. 294, 298 (N.D. Cal. 1995) ("Multipliers in the 3–4 range are common in lodestar awards for lengthy and complex class action litigation.").

As the Court previously noted, the novelty and difficulty of the questions presented or the skills, time, or labor required to resolve the case are not particularly complex. However, the Court recognizes that the results obtained in the case are favorable to each Class Member. The average gross recovery, even with Class Counsel's 33.33% fee request, for each member is approximately $1,588.31. (Atty Fee Mot. 8.) Measured against the risks of litigation and time and labor required to see the matter through trial, the Court agrees that the "amount involved and the results obtained" balanced with the other factors favor an upward multiplier, although not one that amounts to 3.9. Balanced against the issues with counsels' quality of work (factual errors in Notice to Class and in briefings) and the relatively "moderate" complexity of the case, the Court finds that a multiplier of 2.0 is appropriate ($436,180.20).

   2. Costs

    a. **Litigation Costs**

The Court awards Class Counsel the actual costs of $16,324.18 because it finds that the costs were incurred necessarily and reasonably. (See Leviant Decl. ¶ 31 (describing courtesy copies, filing fees, "Case Anywhere" charges.)

In total, the Court awards attorneys' fees of $436,180.20 and litigation costs of $16,324.18. The difference between the award and the maximum requested fees and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

costs shall be added to the Net Settlement Amount in accordance with the Settlement. (Settlement ¶ 31.)

### b.      Service Payments

The Settlement provides a Class Representative Service Payment of up to $7,500 for each named Plaintiff to be paid from the Gross Settlement Amount. (Settlement ¶ 26(n).)

The Court previously ordered the parties to submit information on the "number of hours each named plaintiff dedicated to working on this case and the breakdown of actual costs incurred" in the instant motion. (Prelim. App. Order 16–17.)

Again, Plaintiffs have not done so. The declarations that are submitted to the Court recite nearly verbatim passages from declarations previously submitted to this Court concerning the service payments. (Compare Leviant Decl. ¶ 32, Dkt. No. 40-1, and Melmed Decl. ¶¶ 24–25, Dkt. No. 40-2, with Leviant Decl. ¶32, Dkt. No. 36-1, and Melmed Decl. ¶¶ 20–21, Dkt. No. 36-2.) While the Court agrees that Plaintiffs' active involvement in matter, i.e., participating in mediation and settlement, gathering documents, and meeting with counsel, should be compensated accordingly, the Court cannot weigh the reasonableness of the cost award without the information it has requested.

The parties may resubmit their request for a service fee award in supplemental briefing if it can provide of breakdown of hours and/or costs that Plaintiffs have incurred participating and assisting counsel in this matter.

### c.      Administrative Expenses

The Administrator's costs are $16,000, which "includes all costs incurred to date, as well as estimated costs involved in completing the settlement distribution." (Mitzner Decl. ¶ 16; id., Ex. B (listing all administrative tasks).) Nothing suggests that these costs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | May 31, 2023 |
|---|---|---|---|
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

are unreasonable. The Court thus awards total administration costs in this matter of $16,000 in accordance with the Settlement.[2]

Based on the foregoing, the Motion is DENIED in part and GRANTED in part. Plaintiffs may resubmit the service fee award request in supplemental briefing. In total, attorney's fees are awarded in the amount of $436,180.20; litigation costs of $16,324.18 are awarded; and administrative costs of $16,000 are awarded.

### IV. CONCLUSION

For the foregoing reasons, the Court issues the following rulings:

- Continues the June 5, 2023 hearing on the motion for final approval to July 31, 2023. Parties are ordered to reissue corrected Notice of Settlement in accordance with this Order. Plaintiffs are to submit supplemental briefing on the outstanding issues for final approval of settlement identified by the Court herein.
- **DENIES** in part and **GRANTS** in part the motion for attorneys' fees and costs.

**IT IS SO ORDERED.**

---

[2] Again, as stated in footnote 1, counsel will not be awarded any additional costs for having to reissue the deficient notice.