JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Final Approval of Class Action Settlement and Attorney's Fees [40, 41]**

Lead Plaintiffs Ruth Ramirez and Jorge Ruiz Quezada (collectively, "Plaintiffs") move for final class certification and approval of a class action settlement ("Settlement" or "Agreement") reached with Defendant C & W Facility Services, Inc. ("C & W") and attorney's fees. (Motion for Final Approval ("Mot."), Dkt. No. 41; Motion for Attorney's Fees ("Atty Fee Motion"), Dkt. No. 40.) C & W filed a notice of non-opposition to only the motion for final approval but has not otherwise objected to the fee motion. (Dkt. No. 42.)

The Court denied in part and granted in part the Motion for Attorney's Fees. (Order, Dkt. No. 43.) But due to deficiencies in Plaintiffs' Motion for Final Approval and the Notice issued to class members, the Court continued the June 4, 2023 hearing on the instant motion to July 31, 2023. (Id.) Plaintiffs were ordered to submit supplemental briefing on outstanding issues and reissue notice to class members. (Id.)

Plaintiffs filed their Supplemental Brief. (Pl.'s Supp. Brief ("Supp. Brief."), Dkt. No. 43.) The Court issued a Tentative Order on Wednesday, July 26, 2023. Both parties appeared for hearing on Monday, July 31, 2023, and submitted on the Court's Tentative Order. No objectors appeared. Nor did the parties receive notice of any objectors or of any other parties intending to object.

For the following reasons, the Court **GRANTS** the Motion for Final Approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

## I. BACKGROUND

The facts in this action are familiar to the parties and this Court. (See generally Order). But the Court recites them here for the purpose of entering a final approval order on the class action settlement.

### A. Factual and Procedural Background

Plaintiffs are non-exempt employees who sued C & W in a class action for failures to pay minimum, straight time wages, and overtime wages; to provide meal periods; to allow rest periods; to maintain accurate records of hours and meal periods; to pay wages to terminated employees; and to furnish accurate wage statements. (Consolidated Complaint ("Consolidated Compl."), Dkt. No. 25.)

Plaintiffs originally filed putative class actions separately and in separate courts, but the matters were transferred to this Court and consolidated on June 2, 2021. (See Dkt. No. 23.) They consolidated their complaints on June 16, 2021, incorporating their claims under the California Labor Code, California Business and Professions Code, and adding a cause of action for Civil Penalties Under Private Attorneys General Act, Cal. Lab. Code § 2699, et seq. (Consolidated Compl. (listing ten causes of action).)

On May 11, 2022, the parties participated in a day-long mediation and signed a settlement agreement, the terms of which are recited below. (Declaration of H. Scott Leviant ("Leviant Decl."), Dkt. No. 36-1.)

### B. Summary of Settlement

#### 1. The Settlement Class

The settlement class ("Class" or "Settlement Class") comprises of all non-exempt employees who worked at C & W in California during the Class Period, which is defined as November 3, 2016, through October 3, 2022. (Leviant Decl., Ex. 1 ("Settlement") ¶¶ 3–4, Dkt. No. 36-1.) Excluded from the Class are non-exempt employees who worked at Amazon.com, Inc. ("Amazon") locations and non-exempt employees who were unionized. (Id. ¶ 4.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

There are 1,574 members of the Class ("Class Members"). (Declaration of Taylor Mitzner ("Mitzner Decl.") ¶ 11, Dkt. No. 41-1.) There are 128,529 work weeks worked by the Class Members. (Mot. 3, Dkt. 41.) There are a total of 870 Class Members who worked during the California Private Attorneys General Act ("PAGA") period. (Id.) There are 99,952 pay periods worked by PAGA employees during the PAGA pay period. (Id.)

        2.      <u>The Settlement Amount</u>

The Settlement Agreement states that the gross settlement amount ("Gross Settlement Amount") is $2,500,000, resulting in an average gross payment per Class Member of $1,588.31. (Settlement ¶ 26(c).)

The net settlement amount ("Net Settlement Amount") is calculated by deducting certain categories of costs. (Id. ¶ 26(g).) A portion ($200,000) of the Gross Settlement Amount is to be allocated to settle claims brought pursuant to the PAGA (the "PAGA Amount"), of which $150,000 is to be paid to the California Labor & Workforce Development Agency ("LWDA"), and $50,000 for PAGA employees. (Id. ¶ 10.) After deducting Class Counsels' requested attorneys' fees and costs, service payments to the named Plaintiffs, estimated administration costs, and payment to the LWDA, the remainder of the Settlement Amount is to be distributed to Class Members who do not opt out. (Id. ¶ 26(g).) Each Class Member shall receive a share based on the number of workweeks the Class Member worked for C & W in a relevant position during the Class Period. (Id.)

The motion estimates the Net Settlement Amount as $1,405,666.67, with an average net payment per Class Member of at least $901.74. (Mot. 4.) The Net Settlement Amount was determined by deducting requested Class Counsel attorney's fees ($833,333.33) and costs ($30,000), requested Enhancement Payments to the lead plaintiffs ($15,000), the PAGA Amount ($200,000), and Settlement Administration Costs ($16,000). (Mitzner Decl. ¶ 12.)

The 1,574 Class Members have worked a collective total of 128,529 workweeks of the Class Period, which brings the value of each workweek at approximately $10.94. (Id. ¶ 11.) The highest individual settlement share ("Individual Settlement Share") is approximately $3,390.34; the lowest is approximately $109.4; and the average is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

approximately $893.05.  (Id. ¶ 13.)  The highest individual PAGA payment ("Individual PAGA Payment") is approximately $155.07, and the average is approximately $57.47.  (Id. ¶ 14.)

        3.     <u>Tax Allocation</u>

     One-third of all Settlement Class Payments to Settlement Class Members shall be considered wages and will be subject to the withholding of applicable local, state, and federal taxes.  (Settlement ¶ 26(j).)  Two-thirds of all Settlement Class Payments to Settlement Class Members shall be considered non-wages for the settlement of interest claims, liquidated damages, and statutory and civil penalty claims.  (Id.)  The PAGA Settlement Payment shares going to PAGA Employees will be entirely allocated to penalties.  (Id.)  C & W's portion of payroll taxes owed on any settlement payments to Class Members that constitute wages will be paid by C & W separately from the Gross Settlement Amount.  (Id. ¶26(h).)

        4.     <u>Attorneys' Fees and Costs</u>

     The Settlement provides that C & W "will not object" to Plaintiffs' counsel's request for attorney's fees "not to exceed" 33.33% of the Gross Settlement Amount and costs not to exceed $30,000.  (Id. ¶¶ 26(m), 31.)  It further provides that if "a lesser amount(s) of attorney's fees and/or attorneys' costs" is approved by the Court, "the difference between the lesser amount(s) and the maximum amount set forth above shall be added to the Net Settlement Amount."  (Id. ¶¶ 26(m), 31.)

     Moon & Yang, APC, and Melmed Law Group P.C. ("Class Counsel") requested reasonable attorney's fees "not to exceed" 33.33% ($833,333.33) of the Total Settlement Amount and actual costs "not to exceed" $30,000.  (Atty Fee Mot. 5, Dkt. No. 40.)

        5.     <u>Administrative Expenses</u>

     The parties agreed to use a third-party administrator, Phoenix Settlement Administrators ("Administrator"), to manage notice.  (Settlement ¶ 26(p); Mitzner Decl. ¶ 2.)  The final costs of administration, including future work, was $16,000.  (Mitnzer ¶ 16; id., Ex. B.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

   6.   <u>Service Payments</u>

  The Settlement provides a Class Representative Service Payment of up to $7,500 for each named Plaintiff to be paid from the Gross Settlement Amount.  (Settlement ¶ 26(g), (n).)  Accordingly, Plaintiffs Ruth Ramirez and Jorge Quezada request a total service award of $15,000.

   7.   <u>Releases</u>

  The Settlement will release specified wage-and-hour claims for Settlement Class Members, which includes only those Class Members who do not timely opt out of the Settlement.  (<u>Id.</u> ¶¶ 4, 37.)  The Class Members will also release the PAGA Claims in this action regardless of whether they opt out of the class portion of the Settlement.  (<u>Id.</u> ¶¶ 15, 37.)

   8.   <u>Notice, Opt-Out, and Objection Process</u>

  The Settlement provides that the Administrator is to receive the Class List within fourteen days of the Court's preliminary approval, use the National Change of Address database to update the list, and use skip tracing on returned notices.  (<u>Id.</u> ¶ 32(a).)  Notice was to be distributed within twenty-eight days of the Preliminary Approval Date.  (<u>Id.</u> ¶ 32(b).)  For each Class Member, the notice of settlement would be issued in both English and Spanish, contain each member's covered workweeks and estimated total settlement payment, describe how to submit disputes regarding the information within the appropriate deadline, explain how to object to the settlement at the hearing or submit a written objection, and advise how members could seek exclusion from the Class.  (<u>Id.</u> ¶ 26(s).)  Class Members will be instructed to deposit their settlement checks within 180 days of issuance.  (<u>Id.</u> ¶ 35.)  Otherwise, the uncashed sum would be transmitted to the California State Controller's Office for Unclaimed Property under the Class Member's name.  (<u>Id.</u>)

  Any Class Member may object to the Settlement.  To object, the Class Member was to appear in person at the Final Approval Hearing, have an attorney object on their behalf, or submit a written objection to the Settlement Administrator.   Written objections are to be submitted by the response deadline. Oral objections may be made at the Final Approval Hearing.  (<u>Id.</u> ¶ 26(x).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

  The procedure for exclusion requests is the same as the procedure for submitting a written objection. Those Class Members wishing to be excluded from the Class Settlement may submit a request for exclusion in writing to the Administrator. (Id. ¶ 26(w).)

  C. *Preliminary Approval*

  The Court previously granted Plaintiffs' motion for preliminary class certification for and approval the parties' settlement agreement on January 11, 2023. (Dkt. No. 39.) It deferred the issue of attorney's fees and service payments, and requested specific information to evaluate the reasonableness of the Settlement. (Id.)

  D. *Notice and Objections*

  After the Court preliminarily approved the Settlement, the Settlement Administrator compiled data from Defense Counsel about each Class Member and conducted a national change of address to update the list of addresses. (Mitzner Decl. ¶¶ 3–4.)

  On March 2, 2023, notice was sent via U.S. first class mail in English and Spanish to all 1,574 Class Members ("Notice"). (Id. ¶ 5; id., Ex. A.) One hundred and nine Notices were returned to the Administrator without a forwarding address. (Id. ¶ 6.) The Administrator attempted to locate current addresses for these returned Notices, but only ninety-three were obtained. (Id.) Notice was re-mailed to these ninety-three Class Members via first class mail. (Id.) Sixteen Notices remained undeliverable as of May 4, 2023. (Id.) No requests for exclusion were received. (Id. ¶ 8.) No objections were made. (Id. ¶ 9.) No workweek disputes were made. (Id. ¶ 10.)

  The Court found that Notice was improperly issued. (Order 12–13.) The Notice incorrectly informed Class Members to appear before Judge Christina A. Snyder at the United States Courthouse located at 350 W. First Street, 8th Floor, Los Angeles, CA 90012. (See Mitzner Decl., Ex. A, at 1, 6.) The Court ordered that Notice be reissued to Class Members with corrected information. (Order 13.)

  Class Counsel represents that Notice was reissued at counsel's expense, stating the new date of the hearing and correcting the courtroom for the hearing. (Supplemental

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
|---|---|---|---|
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

Declaration of Scott Leviant ("Supp. Leviant Decl."), ¶ 9, Dkt. No. 44-2.) The Notice was revised to reflect the adjusted fee and cost award. (Id.)

  *E.*  *Final Approval*

  Plaintiffs seek a Final Approval Order, certifying the Class and Settlement, appointing Plaintiffs as representatives, appointing Class Counsel, approving the settlement administrator, authorizing distributions, and entering judgment. (Mot. 2.) On May 31, 2023, the Court entered an order reflecting the following:

- The Court certified the Rule 23 Settlement Class for final approval. (Order 7.)
- The Court deferred the final assessment of the Settlement's fairness because Plaintiffs did not provide calculations of total possible recovery without adjustments and failed to correct a factual inconsistency they were ordered to correct. (Id. at 11.)
- Plaintiffs were ordered to reissue Notice to Class Members to reflect corrected information. (Id. at 13.)
- Attorney's fees of $436,180.02 and litigation costs of $16,324.18 were awarded. (Id. at 13–18.) The Court ordered the difference between the award amount and requested fees and costs to be added back to the Net Settlement Amount in accordance with the Settlement. (Id. at 17–18.)
- Total administration costs were awarded in the amount of $16,000. (Id. at 15.)
- The Court declined to award service payments to the class representatives until Plaintiffs submitted a breakdown of hours and/or costs they incurred in participating and assisting counsel in this matter. (Id. at 18.)
- Finally, Plaintiffs were ordered to submit supplemental briefing on the outstanding issues identified in the Order. (Id. at 19.)

  In the same Order, the Court continued the hearing on the instant motion from June 5, 2023, to July 31, 2023. Based on the May 31, 2023 Order and this Order, the updated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

estimated Net Settlement Amount is $1,816,495.80,[1] with an average net payment per Class Member of about $1,154. Plaintiffs have submitted supplemental briefing and declarations pursuant to the Court's Order. (Supp. Brief, Dkt. No. 44.)

## II. Legal Standard

Federal Rule of Civil Procedure Rule 23(e) requires court approval for class-action settlements. Fed. R. Civ. P. 23(e). A final class settlement will be approved only if the parties show (1) that reasonable notice was given to all class members who would be bound by the settlement, (2) that members were provided the opportunity to object to the settlement, and (3) that the settlement is fair, reasonable, and adequate. Id.

## III. Discussion

The Court addresses only the outstanding issues identified in the Court's previous Order addressing Final Approval of Settlement. (See Order, Dkt. No. 43.) These include determining: (1) whether the Settlement is "fair, reasonable, and adequate" and meets the "high procedural standard" applied to settlements reached prior to class certification; (2) whether notice was adequate provided to class members; and (3) assessing whether service payments to each named plaintiff is reasonable.

    A.    *Fair, Reasonable, and Adequate Settlement*

Courts must "'ensure[] that unnamed class members are protected from unjust or unfair settlements affecting their rights,' while also accounting for 'the strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" Campbell v. Facebook, Inc., 951 F.3d 1106, 1121 (9th Cir. 2020) (quoting In re Hyundai & Kia Fuel Econ. Litig., 926 F.3d 539, 556 (9th Cir. 2019) (en banc)).

For a settlement to be "fair, reasonable, and adequate," the class representatives and class counsel must "have adequately represented the class," the proposal was negotiated at "arm's length," "the relief provided for the class is adequate," and the settlement "treats class members equitably relative to each other." Fed. R. Civ. P.

---

[1] The Court awarded less attorney's fees than what was requested, so the difference should be added back to the Gross Settlement Amount to be distributed to class members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

23(e)(2)(A)–(D); In re Apple Inc. Device Performance Litig., 50 F.4th 769, 780 (9th Cir. 2022). Courts within the Ninth Circuit also balance other factors when holistically assessing the fairness of the settlement. See McKinney-Drobnis v. Oreshack, 16 F.4th 594, 609 n.4 (9th Cir. 2021); Kim v. Allison, 8 F.4th 1170, 1178 (9th Cir. 2021); In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 964 (9th Cir. 2011); Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004).

Settlements reached prior to class certification are subject to a "higher," more "exacting review" and "high procedural standard." Kim, 8 F.4th at 1178; In re Bluetooth, 654 F.3d at 946–47; Roes v. SFBSC Mgmt., LLC, 944 F.3d 1035, 1048–49 (9th Cir. 2019). In such cases, "[t]he dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court-designated class representative, weigh in favor of a more probing inquiry than may normally be required under Rule 23(e)." Campbell, 951 F.3d at 1121 (quoting Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Court previously found that representation by class representatives and class counsel was adequate, the terms of the proposed attorney's fee awarded was reasonable, and treatment of class members was equitable. (Order 8–11.) Two issues remain.

      1.    <u>Negotiated at Arm's Length</u>

First, the Court must determine that the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). "[T]he involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether th[ose] [negotiations] were conducted in a manner that would protect and further the class interests." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes; accord Pederson v. Airport Terminal Servs., No. 15-2400, 2018 WL 2138457, at *7 (C.D. Cal. Apr. 5, 2018) (the oversight "of an experienced mediator" reflected noncollusive negotiations).

On multiple occasions, the Court ordered Plaintiffs to address a factual inconsistency regarding the identity of the mediator. (See Order 9; Prelim. App. Order 13.) They have finally done so. The mediator in this matter was Tripper Ortman. (Supp. Leviant Decl. ¶ 8.) The Court renews its finding that Ortman is experienced and neutral. Thus, this factor weighs in favor of final approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

        2.        <u>Adequacy of Relief Provided to Class</u>

      Second, the Court must determine whether relief provided for the class is "adequate," taking into account:

> (I) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C). Under this factor, the relief "to class members is a central concern." Fed. R. Civ. P. 23(e)(2)(C), Advisory Committee Notes. "To evaluate the adequacy of the settlement amount, 'courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer.'" <u>Hefler v. Wells Fargo & Co.</u>, No. 16-5479, 2018 WL 6619983, at *8 (N.D. Cal. Dec. 18, 2018).

      Having previously addressed the other factors, the Court addresses only the first factor, <u>i.e.</u>, costs, risks, and delay. In the order of preliminary approval, the Court ordered the parties to submit calculations of the total possible recovery "<u>without</u> adjustment" for risk or likelihood of success. (Prelim. Approval Order 14 (emphasis added).) Plaintiffs' Motion for Final Approval recited the same risk-adjusted calculations as contained in their Motion for Preliminary Approval. (<u>Compare</u> Prelim App. Mot. 10–12, Dkt. No. 36, <u>with</u> Mot. 19–21.) Having failed to submit calculations without adjustment or otherwise clarified their calculations, the Court ordered Plaintiffs to resubmit their calculations. (Order 9–10.) Plaintiffs have since done so, including a breakdown of maximum potential recovery per claim or theory. (<u>See</u> Supp. Brief 2–4; Supp. Leviant Decl. ¶ 6.)

      Plaintiffs clarify that the removal of "extreme or implausible exposure estimates" in their initial motion referred to issues such as the amount of time to attribute to off-the-clock exposure claims. (Supp. Leviant Decl. ¶ 6, n.1.) In such claims, because there are no records of off-the-clock work, Class Counsel selected certain estimates as "high but not completely impossible figure[s]." (<u>Id.</u>) Based on the explanations provided by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   2:20-cv-11319-JVS(PVCx)   Date   July 31, 2023

Title   Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al.

counsel, the Court agrees that accounting for such "implausible" estimates before applying risk factors was reasonable.

The total maximum of potential recovery, unreduced by any risk factors, was calculated as $25,883,398.45. (Supp. Leviant Decl. ¶ 6.) The total adjusted-exposure recovery amount is $3,481,990.07.[2] (See Leviant Decl. ¶ 18; Supp. Leviant Decl. ¶ 6.) The Gross Settlement Amount represents nearly 10% of the unreduced, maximum potential recovery amount ($2,500,000 of $25,883,398.45). The calculations are broken down on a claim-by-claim or theory-by-theory basis as follows:

| Table 1. Max Expected Recovery vs. Risk-Adjusted Expected Recovery | | |
|---|---|---|
| **Claim/Theory** | **Maximum Potential Recovery Without Risk Reduction** | **Risk Adjusted Recovery** |
| Off-the-clock work | The estimated exposure for off-the-clock work over the Class Period was calculated to be $2,947,585.25. Estimates by class members were reported to range from a few minutes to ten minutes. As discussed above, counsel selected five minutes for every shift due to COVID screenings as a reasonable estimate because "[ten] minutes is an implausible delay for a small number of people." This assumption was predicated upon "testimonial and common sense." <br><br>(Supp. Leviant Decl. ¶ 6 & n1.) | Counsel applied risk factor discounts for certification (estimated at 0.25) and liability proof (estimated at 0.3). With these risk adjustments, the total value of this theory of recovery is $221,068.89. <br><br>(Leviant Decl. ¶ 18.) |

---

[2] This figure differs from Counsel's calculations. Counsel estimated the total adjusted recovery amount as $3,354,098.69 = $762,970.69 (other claims/theories) + $2,591,128 (PAGA penalties). (Leviant Decl. ¶ 18.) The difference between the Court's calculation and Counsel's calculation is $127,891.38. It is unclear how Counsel arrived at the $762,970.69 figure. Based on the Court's calculations, total adjusted recovery for claims excluding PAGA recovery is $890,862.07. See infra pp. 12–14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  2:20-cv-11319-JVS(PVCx)  Date  July 31, 2023

Title  Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al.

| | | |
|---|---|---|
| Underpayment | The estimated exposure for underpayments due to rounding was $170,522.50. This was a direct calculation based on time and payroll data. Counsel annualized the averaging of hourly wage rates for the purposes of including overtime to simplify the calculation, but notes for the record that this estimate is very close to actual underpayment. The calculation was provided by Plaintiffs' data analyst that assisted with the mediation data analysis.<br><br>(Supp. Leviant Decl. ¶ 6.) | It does not appear that this estimate for this theory was adjusted.<br><br>(See Supp. Leviant Decl. ¶ 6.) |
| Rest-Break Violations | The estimated exposure for rest-break violations over the Class Period was calculated as $4,882,273.40, assuming there was one rest-period violation for every Class Member in 100% of their work weeks. This assumption was based on interviews with Class Members.<br><br>(Supp. Leviant Decl. ¶ 6.) | Counsel adjusted for certification and proof of liability risks, each in the amount of 20%. With these adjustments, the total value of this claim is $195,290.94.<br><br>(Leviant Decl. ¶ 18.) |
| Meal-Break Violations | The estimated exposure for meal-break violations over the Class Period was calculated at $2,304,454.80. This exposure was calculated based on time records while factoring employee choice as impacting the violations. Based on the records, violation rates in 2018 decreased to under 3%. (Supp. Leviant Decl. ¶ 6.) C & W meal and rest period policies were facially lawful after 2018. (Leviant Decl. ¶ 18, n.2.) | Recognizing that claims are either certified or not, counsel attempts to quantify the value of such claims by assigning certification and proof of liability risks in the amount of 25% and 30% respectively. With these adjustments, the total value of this claim is $172,834.11.<br><br>(Leviant Decl. ¶ 18 & n.1–2.) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
|---|---|---|---|
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

| | | |
|---|---|---|
| Unreimbursed Cell Phone Expenses | The estimated exposure for unreimbursed expenses was $729,387.50. This was based on an estimate of $12.50 of unreimbursed cell-phone expenses per month.<br><br>(Supp. Leviant Decl. ¶ 6.) | Counsel adjusted for certification and proof of liability risks, in the amounts of 25% and 30% respectively. This risk adjustment reflects a combination of risks: the uncertainty of certification combined at this stage of the proceedings. The total value of this claim is $36,469.38.<br><br>(Leviant Decl. ¶ 18.) |
| Wage Statement Deficiencies (California Labor Code § 226) | The estimated exposure for wage statement deficiencies was $882,000 based on the number of wage statements issued in the on-year statutory period. All statements were assumed deficient.<br><br>(Supp. Leviant Decl. ¶ 6.) | Because Plaintiffs' Labor Code claims depend on their off-the-clock claims, counsel factored the risk of overcoming the defense that C & W did not depend underpayment. Counsel also adjusted for the one-year statute. Thus, the total value of this claim is $44,100.<br><br>(Leviant Decl. ¶ 18.) |
| Late Final Pay (California Labor Code § 203) | The estimated exposure for the late final pay claims was $1,011,535, based on the number of terminated employees within the statutory period.<br><br>(Supp. Leviant Decl. ¶ 6.) | As with the Section 226 claim, the Section 203 claim depends on the success of the off-the-clock claim. The total risk-adjusted value of this claim is $50,576.25.<br><br>(Leviant Decl. ¶ 18.) |
| PAGA Penalties | Finally, the estimated exposure for PAGA penalties was $12,955,640. This was based on the number of pay periods and the initial violation penalty for each violation per pay period. There was no evidence that C & W was cited for violations to warrant higher penalties for repeated violations.<br><br>(Supp. Leviant Decl. ¶ 6.) | Counsel considered "Court discretion" and "high risk" of proving liability for all employees. Based on the foregoing, the total value of this claim is $2,591,128. Nevertheless, Counsel opines that inclusion of PAGA penalties still includes a "highly optimistic view" of what could be proven.<br><br>(Supp. Leviant Decl. ¶ 6; Leviant Decl. ¶ 18.) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
|---|---|---|---|
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

| **TOTAL** | Based on the above estimates, the total maximum potential recovery without risk adjustments is **$25,883,398.45**. | Based on the above, the total amount of risk-reduced exposure is **$3,481,990.07.** |
|---|---|---|

Balancing the value of settlement against Counsel's adjustments based on the foregoing risk factors, identified per claim or theory, and Counsel's experience in analogous wage-and-hour class settlements in 2018 and 2019, (see Leviant Decl. ¶ 23), the Court agrees that Settlement Amount is reasonable under Rule 23(e)(2)(C).

Based on all the factors under Rule 23(e)(2)(A)–(D), (see Order 8–11), the Court finds that the Settlement is fair, reasonable, and adequate. This is the Court's final assessment of the Settlement's fairness.

    B.    *Reasonable Notice and Opportunity to Object to Settlement*

The Court also finds that notice was reasonably provided to Class Members. Likewise, Class Members were given adequate opportunity to object.

Class actions brought under Rule 23(b)(3) must satisfy the notice provisions of Rule 23(c)(2) and, upon class settlement, the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). It is "critical" that adequate notice be provided to class members before a court may finalize the settlement. In re Hyundai & Kia Fuel Econ. Litig., 926 F.3d at 567.

Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c)(2)(B) further states that the notice may be made by one of the following: United States mail, electronic means, or another type of appropriate means. Id. The notice must

> clearly and concisely state in plain, easily understood language:
> (I) the nature of the action; (ii) the definition of the class
> certified; (iii) the class claims, issues, or defenses; (iv) that a
> class member may enter an appearance through an attorney if
> the member so desires; (v) that the court will exclude from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

        class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Id.

        "To satisfy Rule 23(e)(1), settlement notices must 'present information about a proposed settlement neutrally, simply, and understandably.'" In re Hyundai & Kia Fuel Econ. Litig., 926 F.3d at 567 (quoting Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 962 (9th Cir. 2009)). It should describe the terms of settlement "in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." Id. (internal quotations omitted). But it need not provide an "exact forecast" or "step-by-step formula" on how each individual settlement amount is calculated. Id. at 567–68.

        While the procedure in which Notice was furnished was adequate and reasonable, the substance of the Notice was deficient because it included incorrect information about the location of hearing of final approval. (See Order 12.) The Court deferred final approval for one month and ordered notice be reissued. (Id.) Counsel has since reissued Notice with the new date of hearing, the correct courtroom, and stated the adjusted fee and cost award to provide accurate and updated information. (Supp. Leviant Decl. ¶ 9.)

        Based on the foregoing, the Court finds that Class Members were given adequate opportunity to object to the Settlement. See Fed. R. Civ. P. 23(c)(2), (e)(1).

        C.    *Award of Service Payments*

        The Settlement provides a service payment of up to $7,500 for each named Plaintiff to be paid from the Gross Settlement Amount. (Settlement ¶ 26(n).) The Court previously ordered Plaintiffs to submit a breakdown of hours and costs that lead Plaintiffs incurred in this matter. (Order 18.) The Court finds that Ruth Ramirez and Jorge Ruiz Quezada's involvement in this matter valuably contributed to the Settlement.

        Ramirez, a former maintenance worker at C & W, spent approximately thirty-one hours furthering this litigation. Ramirez spent ten hours over several weeks looking for legal representation. (Supplemental Declaration of Ruth Ramirez ("Supp. Ramirez Decl.") ¶ 6.) Ramirez had numerous discussions and calls with counsel about the case,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-11319-JVS(PVCx) | Date | July 31, 2023 |
| Title | Ruth Ramirez, et al. v. C&W Facility Servs., Inc., et al. | | |

assisted with mediation, and provided necessary documents to counsel throughout litigation, efforts of which amounted to about eighteen hours.  (See id. ¶¶ 7–9.)  Ramirez spent three hours evaluating drafts of the Settlement.  (Id. ¶ 15.)  By taking on this matter, Ramirez has assumed a risk that future employers will discover the action and negatively react.  (See id. ¶ 17.)  Thus, participating in this litigation puts Ramirez at a risk when seeking future employment.

Quezada, a former janitor at C & W, spent approximately about half of Ramirez's hours furthering litigation in this case.  He spent one hour over two to three weeks looking for legal representation.  (Supplemental Declaration of Jorge Ruiz Quezada ("Supp. Quezada Decl.") ¶ 6.)  Quezada had numerous discussions with counsel about the case, evaluated documents, provided documents to counsel, and assisted with mediation, amounting to about nine hours.  (See id. ¶¶ 7–13.)  Quezada spent about five and half hours reviewing settlement drafts.  (Id. ¶ 14.)  Like Ramirez, Quezada faces the same risks of negative employer reaction when seeking future employment.

Settlement could not have been reached without Ramirez and Quezada's diligent involvement in this matter.  Accordingly, their participation should be compensated.  The Court **GRANTS** Plaintiffs' request for a service award in the amount of $15,000.  Ramirez and Quezada are each awarded $7,500 in accordance with the Settlement.  (Settlement ¶ 26(g), (n).)   In approving these awards, the Court gives substantial weight to potential future employment risks, particularly in the case of Quezada.

### IV. CONCLUSION

The Court previously awarded attorney's fees in the amount of $436,180.20, litigation costs of $16,324.18, and administrative costs of $16,000.  (Order, Dkt. No. 43.)  Based on the foregoing reasons and having received no objections by any class member, the Court **GRANTS** final approval of the Settlement (Gross Settlement Amount of $2,500,00) and **GRANTS** a total of $15,000 in service payments to be divided equally between Ruth Ramirez and Jorge Quezada.

**IT IS SO ORDERED.**